BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

In re: JULY 12, 2024 AT&T CUSTOMER
DATA SECURITY BREACH                    MDL NO. _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

LORI YOUNG, and MACHELLE CRAWFORD,
individually and on behalf of all
others similarly situated,

v.                                       CASE NO.  24-cv-03185

AT&T MOBILITY, LLC

**Memorandum in Support of Motion for Transfer of Actions to the Northern District of Georgia Pursuant to 28 U.S.C. § 1407 for Consolidated or Coordinated Pretrial Proceedings**

Pursuant to 28 U.S.C. § 1407 and Rule 7.2(a) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Plaintiffs Lori Young and Machelle Crawford respectfully submit their brief in support of their motion to transfer the cases indicated in the motion to the United States District Court for the Northern District of Georgia, for consolidation for pretrial purposes with a pending action in that district: *Lori Young and Machelle Crawford* vs. *AT&T Mobility, LLC;* Case: 1:24-cv-03185 (Judge Victoria M. Calvert). Plaintiffs additionally seek a ruling that any tag-along cases that subsequently may arise be transferred to that district as well.

## BACKGROUND

On July 12, 2024, AT&T announced that customer data was illegally downloaded from its workspace on a third-party cloud platform (hereafter, the "Data Breach"). Upon information and belief, the Data Breach affected more than 100 million AT&T customers and Snowflake is the third-party cloud platform involved.  The downloaded data included phone call and text message records of nearly all of AT&T cellular customers from May 1, 2022, to October 31, 2022 and

January 2, 2023. The compromised data also includes cell site identification numbers, and phone numbers that AT&T wireless customers interacted with during this time, including AT&T landline (home phone) customers. The four (4) actions including the instant action involve overlapping putative classes in that each seeks certification of a nationwide class of AT&T customers whose customer data was breached. Each of these cases assert that AT&T failed to properly secure and safeguard the personally identifiable information ("PII") and/or customer proprietary network information ("CPNI") that was accessed and exfiltrated in a data breach. The cases are:

| Case Caption | Court | Case No. | Judge |
|---|---|---|---|
| *Chris Schulte v. AT&T Inc. and AT&T Mobility, LLC* | District of New Jersey | 3:24-cv-07818 | Not Yet Assigned |
| *Dina Winger v. AT&T, Inc.* | Northern District of Texas- Dallas Division | 3:24-cv-1797 | Judge Ada Brown |
| *Richard Olivieri and Lauren Woon v. AT&T, Inc.; AT&T Mobility, LLC and Snowflake, Inc.* | District of Montana- Butte Division | 2:24-cv-00056 | Magistrate Judge John Johnston |
| *Lori Young and Machelle Crawford v. AT&T Mobility, LLC* | Northern District of Georgia | 1:24-cv-03185 | Judge Victoria M. Calvert |

Each of these actions involve common factual and legal issues, including but not limited to: (a) Whether and to what extent Defendant had a duty to protect the PII of Plaintiffs and Class Members; (b) Whether Defendant had a duty not to disclose the PII of Plaintiffs and Class Members to unauthorized third parties; (c) Whether Defendant failed to adequately safeguard the PII of Plaintiffs and Class Members;(d) Whether Defendant required its third-party vendors to adequately safeguard the PII of Plaintiffs and Class Members; (e)When Defendant actually learned of the Data Breach; (f) Whether Defendant adequately, promptly, and accurately informed Plaintiffs and Class Members that their PII had been compromised; (g) Whether

Defendant violated the law by failing to promptly notify Plaintiffs and Class Members that their PII had been compromised; (h) Whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Data Breach; (i) Whether Defendant adequately addressed and fixed the practices, procedures, or vulnerabilities which permitted the Data Breach to occur; (j) Whether Plaintiffs and Class Members are entitled to actual damages, statutory damages, and/or nominal damages as a result of Defendant's wrongful conduct; (k) Whether Plaintiffs and Class Members are entitled to injunctive relief to redress the imminent and ongoing harm faced as a result of the Data Breach and whether and to what extent the class plaintiffs are entitled to relief.

## ARGUMENT

This Panel was created by Congress in 1968 to assist courts and judges in effectively managing related, complex civil matters. 28 U.S.C. § 1407 therefore allows it to transfer actions to any district for coordinated or consolidated pretrial proceedings, so long as the actions involve one or more common questions of fact, and the Panel determines that transfers "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." *Id*.

The fact that each of the four cases is brought by a different law firm representing plaintiffs is another reason why efficiencies will result from transfer and common pretrial treatment. Also, in none of the actions has any determination yet been made as to lead or liaison counsel, nor are any motions pending.

### The Three Requirements of 28 U.S.C. § 1407 are Met

1. **The Pending Cases Involve Common Questions of Fact**.

While §1407 does not require complete identity (or even a majority) of common questions of fact to justify transfer, see *In re Zyprexa Products Liability Litigation,* 314 F. Supp. 2d 1380, 1381

(J.P.M.L. 2004), the pending cases all revolve around the fundamental question of the July 12, 2024 AT&T customer data breach and AT&T's culpability and liability for said breach. The factual issues to be determined in each case are fundamentally the same, and transfer is appropriate. See, e.g., *In re Ephedra Products Liability Litigation*, 314 F.Supp. 2d 1373, 1375 (J.P.M.L. 2004).

Likewise, there is much overlap in the legal grounds asserted for relief. Each complaint seeks relief for purported unjust enrichment and negligence; three seek relief for unjust enrichment, negligence, breach of contract, and invasion of privacy, and two seek recovery under state trade practices and consumer fraud statutes; and other counts overlap as well. While of course identity of issues is not a prerequisite to transfer, see *In re Falstaff Brewing Corp. Antitrust Litigation*, 434 F. Supp. 1225 (J.P.M.L. 1977), these overlapping theories clearly offer savings in party and court time and effort over individual handling of the actions in the various putative transferor districts.

**2. Transfer Will Further the Convenience of the Parties and Witnesses and Reduce the Totality of Judicial Labor Necessary to Resolve the Cases.**

Convenience for the parties, particularly as to the appearance of witnesses and the location of documents, will be enhanced in the Northern District of Georgia because AT&T Mobility, LLC has its principal place of business in Georgia. This is a compelling consideration. See *In re Philips Recalled Cpap, Bi-Level Pap, and Mechanical Ventilator Products Liability Litigation,* 2021 WL 4704801 (U.S.J.P.M.L. 2021); *In re Blackbaud, Inc., Customer Data Security Breach Litigation*, 509 F. Supp. 3d 1362 (U.S.J.P.M.L. 2020); *In re Wells Fargo Auto Insurance Marketing and Sales Practices Litigation*, 273 F. Supp. 3d 1383 (U.S.J.P.M.L. 2017).

Moreover, the cases were all recently filed, and no discovery or substantive proceedings have yet occurred in them. If they are permitted to proceed separately, much of the discovery will

be the same in each case because of the many overlapping issues of fact and law, resulting in unnecessary costs to all parties and unnecessarily duplicative work by the assigned district judges. Pretrial transfer will limit discovery delays and costs for the plaintiffs and permit plaintiffs' counsel to coordinate their efforts and share the pretrial workload. It is logical and economical to transfer the cases to the Northern District of Georgia so that a single pretrial schedule can be implemented, minimizing costs and inconvenience.

3. **Transfer Will Promote Just and Efficient Conduct of the Cases.**

For the reasons described above, transfer is in the best interest of the parties and the respective courts. There is no reason to waste judicial resources in reviewing the same arguments and addressing the same discovery disputes, if any, in separate cases. This applies in particular to the issue of class certification, which is sought in each of the cases, and as to which inconsistent district court decisions could result in procedural chaos. Furthermore, at bottom, these cases will be determined based on the fact of whether the claims have any justified support, which necessary will require resort to expert testimony. Those experts will testify on the same issues in each of the cases, which supports even more the reasons for transfer. See *In re Power Morcellator Products Liability Litigation*, 140 F.Supp.3d 1351, 1353 (J.P.M.L. 2015) (overlapping expert discovery supported centralization).

**The Northern District of Georgia is the Appropriate Transferee District and Judge Victoria M. Calvert is the Appropriate Transferee Judge**

In addition to the factors identified above, the Northern District of Georgia offers through Judge Victoria M. Calvert MDL experience essential to manage a similar multidistrict case and the availability to do so. The presence of an experienced jurist is of course always a factor in determining the location of the transferee court. *In re Air Crash at Georgetown, Guyana on July 30, 2011*, 895 F.Supp. 2d 1355 (J.P.M.L. 2012).

## **CONCLUSION**

For the reasons set forth herein, Plaintiffs respectfully request that the Panel order that the *Schulte, Winger, and Olivieri* class actions, as well as any cases that may be subsequently filed asserting related or similar claims, be transferred to Judge Victoria M. Calvert in the Northern District of Georgia and consolidated and coordinated with the *Schulte, Winger, and Olivieri* class actions for all pretrial proceedings.

Dated: July 23, 2024.

By: /s/ *Paul J. Doolittle*
Paul J. Doolittle
**POULIN | WILLEY | ANASTOPOULO**
32 Ann Street
Charleston, SC 29403
Telephone: (803) 222-2222
Fax: (843) 494-5536
Email: paul.doolittle@poulinwilley.com
cmad@poulinwilley.com

*Attorney for Plaintiffs*