BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

In re: JULY 12, 2024 AT&T CUSTOMER
DATA SECURITY BREACH                                        MDL NO. 46

**Motion for Transfer of Actions to the Northern District of Georgia Pursuant to 28 U.S.C. § 1407 for Consolidated or Coordinated Pretrial Proceedings**

Pursuant to 28 U.S.C. § 1407 and Rule 7.2(a) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Plaintiff Lori Young respectfully requests that all currently filed federal cases in this litigation, and any subsequent tag-along cases involving similar claims, be transferred to the United States District Court for the Northern District of Georgia and be consolidated for pretrial purposes with Plaintiffs' pending action in that district: *Lori Young v. AT&T Mobility, LLC*, Case No. 1:24-cv-03185 (Judge Victoria M. Calvert). Three other actions are pending in other districts that are closely similar to this matter in the claims alleged:

• In the District of New Jersey: *Chris Schulte v. AT&T Inc. and AT&T Mobility, LLC*, Case # 3:24-cv-07818;

• In the Northern District of Texas, Dallas Division : *Dina Winger v. AT&T, Inc*., Case No. 3:24-cv-1797; and

• In the District of Montana, Butte Division: *Richard Olivieri and Lauren Woon v. AT&T, Inc.; AT&T Mobility, LLC and Snowflake, Inc.*, Case No. 2:24-cv-00056

Each of these cases seeks class certification. Each is premised on allegations that AT&T failed to properly secure and safeguard the personally identifiable information ("PII") and/or customer proprietary network information ("CPNI") that was accessed and exfiltrated in a data breach.  No motion practice has yet occurred in any of the cases, and Plaintiffs will seek a stay in each action pending the Panel's decision on this motion.

Plaintiffs respectfully request that the above actions, as well as any that may subsequently be filed asserting similar or related claims, be transferred to the United States District Court for the Northern District of Georgia and consolidated for pretrial purposes. The centralization of these

actions in single judicial district for consolidated pretrial proceedings will promote the just and efficient conduct of these actions, will serve the convenience of all parties and witnesses, and will promote the interest of justice because all actions involve common factual and legal issues, including but not limited to: (a) Whether and to what extent Defendant had a duty to protect the PII of Plaintiffs and Class Members; (b) Whether Defendant had a duty not to disclose the PII of Plaintiffs and Class Members to unauthorized third parties; (c) Whether Defendant failed to adequately safeguard the PII of Plaintiffs and Class Members;(d) Whether Defendant required its third-party vendors to adequately safeguard the PII of Plaintiffs and Class Members; (e)When Defendant actually learned of the Data Breach; (f) Whether Defendant adequately, promptly, and accurately informed Plaintiffs and Class Members that their PII had been compromised; (g) Whether Defendant violated the law by failing to promptly notify Plaintiffs and Class Members that their PII had been compromised; (h) Whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Data Breach; (i) Whether Defendant adequately addressed and fixed the practices, procedures, or vulnerabilities which permitted the Data Breach to occur; (j) Whether Plaintiffs and Class Members are entitled to actual damages, statutory damages, and/or nominal damages as a result of Defendant's wrongful conduct; (k) Whether Plaintiffs and Class Members are entitled to injunctive relief to redress the imminent and ongoing harm faced as a result of the Data Breach. and whether and to what extent the class plaintiffs are entitled to relief.

      Consolidation of these actions before a single judge will preserve judicial resources, reduce litigation costs, prevent potentially inconsistent pretrial rulings, eliminate duplicative discovery and permit the cases to proceed to trial more efficiently. Further, because AT&T is already subject to the claims raised in the Plaintiff's civil action before Judge Victoria M. Calvert proposed transfer

and consolidation in the Northern District of Georgia will be for the convenience of the parties and witnesses and will promote a just and efficient conduct of these actions. Moreover, it is anticipated that counsel in all actions will seek discovery of the same witnesses and production of the same documents.

In support of this motion, Plaintiffs rely on:

a) its accompanying brief in further support of this motion (Exhibit 01-1);

b) the Schedule of Actions providing (1) the complete name of each action involved, listing the full name of each party included; (2) the district court and division where each action is pending; (3) the civil action number of each action; and (4) the name of the judge assigned to each action (Exhibit 01-2);

c) DeMert Brands' statement regarding oral argument, which takes the position that oral argument is unnecessary (Exhibit 01-3);

d) the Proof of Service (Exhibit 01-4); and

e) a copy of all complaints (without exhibits) and docket sheets (current as of the date this motion is filed) for all actions listed in the Schedule of Actions (Exhibits 01-5 through 01-8)

WHEREFORE, Plaintiffs respectfully request that the Panel order that the Schulte, Winger, and Olivieri class actions, as well as any cases that may be subsequently filed asserting related or similar claims, be transferred to the Northern District of Georgia and consolidated and coordinated with the Plaintiffs' class action for all pretrial proceedings.

Dated: July 26, 2024

By: /s/ *Paul J. Doolittle*
Paul J. Doolittle
**POULIN | WILLEY | ANASTOPOULO**
32 Ann Street
Charleston, SC 29403
Telephone: (803) 222-2222
Fax: (843) 494-5536
Email: paul.doolittle@poulinwilley.com
cmad@poulinwilley.com
*Attorney for Plaintiff Lori Young*